UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE R. SENATOR,<br><br>            Plaintiff,<br><br>    v.<br><br>SANDRA HUTCHENS, et al.,<br><br>            Defendants. | No. SA CV 13-655-UA (PLA)<br><br>**ORDER TO SHOW CAUSE RE:**<br>**VEXATIOUS LITIGANT** |

On April 25, 2013, Bruce R. Senator, full name Bruce Richard Senator ("plaintiff"), lodged a complaint in <u>Senator v. Hutchens, et al.</u>, Case No. SA CV 13-655.

I.

**INTRODUCTION**

Plaintiff, who was previously incarcerated but is currently on probation, has initiated approximately 26 civil actions in the Central District of California since 1999. Attached to this Order is a list reflecting the case name and number of each of plaintiff's actions. This information is from the Central District of California docket.[1] None of these actions has resulted in a judgment

---

[1] The Court takes judicial notice of plaintiff's prior filings, as reflected on the docket. <u>See</u> Fed. R. Evid. 201(c); <u>see also</u> <u>Shaw v. Hahn</u>, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (noting that the court may take judicial notice of matters of public record).

favorable to plaintiff. Moreover, many of them were dismissed as patently frivolous or for failure to state a claim. Finally, of the complaints dismissed as frivolous or for failure to state a claim, many were dismissed at the screening stage, and thus were never even actually filed.

This Order places plaintiff on notice that the Court is considering a vexatious litigant order that will impose pre-filing conditions upon plaintiff before he may file any complaint alleging a violation of his civil rights -- including the complaint in Case No. SA CV 13-655-UA (PLA).

## II.

## DISCUSSION

Local Rule 83-8.2 states that:

> On its own motion ... , after opportunity to be heard, the Court may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant, and may make such other orders as are appropriate to control the conduct of a vexatious litigant. Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require.

L.R. 83-8.2. Local Rule 83-8.3 states that a vexatious litigant order "shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." L.R. 83-8.3. This Court finds, as discussed more fully below, that plaintiff has abused the Court's process and is likely to continue such abuse, unless protective measures are taken.

In Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007), the Ninth Circuit advised that district courts should enter a pre-filing order only after a "cautious review of the pertinent circumstances." Id. at 1057. However, the court also observed that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." Id. (internal quotations and citations omitted).

A district court must consider four factors before issuing a pre-filing order on a finding that someone is a vexatious litigant:

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile "an adequate record for review." Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

Id. at 1057 (internal quotations and citations omitted). The Court's examination of these four factors with respect to plaintiff's filings in this Court is set forth below.

### A. Notice and Opportunity to Be Heard

The Court hereby notifies plaintiff that it is considering a vexatious litigant order, for the reasons set forth in this Order. Plaintiff must file a written response to this Order **within fourteen days** of the date of this Order.

### B. An Adequate Record for Review

The Court attaches to this Order a list reflecting the case name and number of each of plaintiff's actions filed in the Central District of California since 1999. As detailed in the next section, many of these cases were dismissed as patently frivolous or for failure to state a claim.

### C. Substantive Findings About the Frivolous or Harassing Nature of Plaintiff's Litigation

This factor "gets to the heart of the vexatious litigant analysis ... ." Molski, 500 F.3d at 1059. To decide whether a litigant's actions are frivolous or harassing, "the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." Id. (internal quotations and citations omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." Id. (internal quotations and citations omitted).

Here, upon review of plaintiff's civil actions filed in the Central District of California, the Court finds that while some of plaintiff's civil actions were dismissed for procedural flaws (e.g., failing to completely fill out the Declaration in Support of Request to Proceed Without Prepayment of Filing Fees), many of them can be fairly characterized as frivolous or failing to state a claim:

Senator v. Court of Appeal, SA CV 99-716-UA. Plaintiff brought a civil action against the California Court of Appeal. In forma pauperis ("IFP") status was denied on the basis that "[a]ppeals from the California Supreme Court must be addressed to the U.S. Supreme Court."

Senator v. CA Dept Corrections, et al., CV 99-11417-UA. Plaintiff brought civil rights claims against the California Department of Corrections and the California Rehabilitation Center. IFP status was denied because the allegations in the complaint were legally and/or factually patently frivolous.

Senator v. Orange County of, et al., CV 99-11309-UA. Plaintiff brought a civil rights action against Orange County, the Orange County district attorney, and other defendants. IFP status was denied because the complaint was legally and/or factually patently frivolous in that it was barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and because the district attorney was immune from suit.

Senator v. California Rehabilitation Center, CV 00-5973-UA. Plaintiff was denied IFP status in this civil rights action because he did not submit an up-to-date trust fund statement and failed to exhaust his administrative remedies.

Senator v. California Rehabilitation Center, et al., CV 00-5974-UA. Plaintiff's request to proceed IFP was denied in this civil rights action because he did not submit an up-to-date trust fund statement and failed to exhaust his administrative remedies.

Senator v. Gordon, et al., CV 00-5975-UA. Plaintiff was denied IFP status in this civil rights action because he did not submit an up-to-date trust fund statement and failed to exhaust his administrative remedies.

Senator v. Gordon, et al., CV 00-5976-UA. Plaintiff's request to proceed IFP was denied in this civil rights action because he did not submit an up-to-date trust fund statement and failed to exhaust his administrative remedies.

Senator v. California State Government, et al., CV 00-6542-CAS (AIJ). Plaintiff filed a "Petition for Writ of Mandate," seeking an order directing the California Court of Appeal to "cease all delays and immediately rule on [an appeal in that court]." This Court dismissed the petition for lack of jurisdiction to issue a writ of mandamus to a state court.

Senator v. Irvine City of, et al., CV 03-827-UA (PLA). Plaintiff brought a civil rights action against the City of Irvine, the City of Huntington Beach, the City of Orange, and Doe defendants. IFP status was denied because the action was barred by Heck v. Humphrey, 512 U.S. 477.

Senator v. City of Huntington Beach, et al., SA CV 05-881-GPS (PLA). Plaintiff's civil rights action was dismissed because his claims were barred by the statute of limitations.

Senator v. City of Orange, et al., SA CV 06-313-GPS (PLA). Plaintiff brought a civil rights action against the City of Orange, the City of Orange Police Department, and his sister, among others. Plaintiff's complaint was dismissed because it failed to state a claim upon which relief could be granted as to any defendant; because plaintiff in both his first amended complaint and second amended complaint "failed to even attempt to remedy any of the deficiencies of his pleading"; and because plaintiff therefore had failed to comply with the Court's orders to file an amended complaint that remedied the deficiencies of his complaint.

USA v. Senator, SA CV 07-84-JVS. Plaintiff removed a state criminal action against him to the Central District of California. The Court found that "the notice of removal and attached exhibits, on their face, make clear that there is no jurisdictional basis for removal," and remanded the action to the Orange County Superior Court.

Senator v. State of California, SA CV 09-810-UA. IFP status was denied because the State of California -- the only defendant named in this civil action -- is immune from suit, and because the "All Writs Act does not provide an independent basis for federal subject matter jurisdiction."

Senator v. State of California, SA CV 09-825-UA. IFP status was denied because the State of California -- the only defendant named in this civil action -- is immune from suit.

Senator v. Schwarzenneger, et al., CV 09-7477-UA (PLA). IFP status was denied for filing plaintiff's "class action" civil rights action because he had not shown that he could adequately represent the class, and because it appeared from the face of the complaint that he had no standing to bring the action on behalf of himself or others.

Senator v. Chaffe, et al., CV 09-9247-UA (PLA). Plaintiff brought a civil rights action against various California correctional officials. IFP status was denied because plaintiff's allegations failed to state a claim under the Eighth Amendment, and it appeared that two of the three named defendants were supervisory personnel who generally are not liable under 42 U.S.C. § 1983.

Senator v. Cates, et al., CV 11-4192-UA (PLA). Plaintiff brought a civil action against numerous prison officials. IFP status was denied because the Court found that plaintiff -- then incarcerated -- had at least three "strikes" within the meaning of 28 U.S.C. § 1915(g), and that the complaint did not qualify under the "imminent danger" exception to the "three strikes" rule.

As is demonstrated by this sampling of plaintiff's cases, many of the actions he has brought in the Central District of California -- and particularly his civil rights actions -- were frivolous or failed to state a claim.

### D. A Narrowly-Tailored Vexatious Litigant Order

A pre-filing injunction is appropriate where a plaintiff's complaints are not only numerous, but are also patently without merit. In re Oliver, 682 F. 2d 443, 445 (3d Cir. 1982). As plaintiff's litigation history shows, he is more than merely a prolific litigant. Instead, plaintiff has demonstrated a pattern of filing frivolous lawsuits against a variety of defendants. De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990).

In particular, in 9 of the 11 civil rights actions listed above, plaintiff's Request to Proceed Without Prepayment of Filing Fees was denied and the complaint was never filed, demonstrating that the deficiencies in those pleadings were apparent from the face of the complaints. Further, the presence in plaintiff's later filings of pleading deficiencies identified by the Court in earlier actions demonstrates that plaintiff is likely to continue abusing the Court's process. See L.R. 83-8.2. For example, plaintiff's request to proceed IFP in Case No. CV 99-11309-UA was denied because his claims were barred by Heck v. Humphrey, 512 U.S. 477, and his complaint in Case No. CV 03-827-UA (PLA) was also barred by the same deficiency. Similarly, his complaint in Case No. SA CV 05-881-GPS (PLA) was dismissed as time-barred, and his complaint in Case No. SA CV 06-313-GPS (PLA) -- brought less than seven months later -- was also dismissed based on this same deficiency, among others.

Accordingly, in this situation it is appropriate to issue an order preventing plaintiff from filing any future civil rights complaint against any defendant without Court permission, and requiring that he pay the full filing fee in any civil rights action he is granted permission to file.

/
/
/
/
/

### III.

### CONCLUSION

If plaintiff is found to be a vexatious litigant, the United States District Court for the Central District of California will issue an order that the Clerk of this Court shall not accept for filing any further IFP application or civil rights complaint by Bruce R. Senator -- including the complaint in Case No. SA CV 13-655-UA (PLA) -- without first obtaining leave from a Judge of this Court. If Plaintiff wants to file a civil rights action, he must first file a motion for leave to file a civil rights complaint. Plaintiff must submit a copy of this Order and a copy of the proposed civil rights complaint with any such motion. If the Court does not grant plaintiff written permission to file a civil rights complaint within 30 days of the date of his motion, permission will be deemed denied. Further, in the event that the Court grants plaintiff written permission to file any civil rights complaint, plaintiff must pay the full filing fee at the time he files such complaint.

Plaintiff is hereby **ORDERED** to file a response to this Order to Show Cause **no later than May 17, 2013**. Plaintiff must demonstrate to the Court grounds to controvert the above-findings or it is likely plaintiff will be deemed a vexatious litigant. **Plaintiff is advised that failure to respond to this order will result in an order that the Clerk of this Court shall not accept for filing any further IFP application or civil rights complaint by Bruce R. Senator without first obtaining leave from a Judge of this Court, and that plaintiff pay the full filing fee in any civil rights action he is granted permission to file**.

**IT IS SO ORDERED.**

DATED: 5/3/13

HONORABLE PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

Senator v. Court of Appeals, SA CV 99-714-UA

Senator v. California Department of Corrections, SA CV 99-715-UA (pursuant to intra-district transfer, case number reassigned to CV 99-5806-CAS (AIJ))

Senator v. Court of Appeal, SA CV 99-716-UA

Senator v. California Rehabilitation Center, et al., SA CV 99-1460-VAP (AIJ)

Senator v. CA Dept Corrections, et al., CV 99-11417-UA

Senator v. Orange County of, et al., CV 99-11309-UA

Senator v. California Rehabilitation Center, et al., SA CV 00-548-GLT (AIJ)

Senator v. California Rehabilitation Center, CV 00-5973-UA

Senator v. California Rehabilitation Center, et al., CV 00-5974-UA

Senator v. Gordon, et al., CV 00-5975-UA

Senator v. Gordon, et al., CV 00-5976-UA

Senator v. California State Government, et al., CV 00-6542-CAS (AIJ)

Senator v. Valdez, SA CV 03-26-GPS (PLA)

Senator v. Irvine City of, et al., CV 03-827-UA (PLA)

Senator v. City of Huntington Beach, et al., SA CV 05-881-GPS (PLA)

Senator v. City of Orange, et al., SA CV 06-313-GPS (PLA)

USA v. Senator, SA CV 07-84-JVS

Senator v. State of California, SA CV 09-810-UA

Senator v. State of California, SA CV 09-825-UA

Senator v. Schwarzenneger, et al., CV 09-7477-UA (PLA)

Senator v. Chaffe, et al., CV 09-9247-UA (PLA)

Senator v. Chaffe, et al., CV 10-496-UA (PLA)

Senator v. Hill, et al., SA CV 10-1600-SVW (PLA)

<u>Senator v. Cates, et al.</u>, CV 11-3255-UA (PLA)

<u>Senator v. Cates, et al.</u>, CV 11-4192-UA (PLA)

<u>Senator v. Hutchens, et al.</u>, SA CV 13-655-UA (PLA)

Case 8:13-cv-00655-UA-PLA   Document 2   Filed 05/03/13   Page 9 of 9   Page ID #:24